EDWARD M. KNOX, RESPONDENT, *v.* THE COMMERCIAL AGENCY AND OTHERS, APPELLANTS.

*Pleading — plea of justification in an action for libel — the facts must be alleged — and in like manner the facts which are to be proved in mitigation of damages.*

In this action, brought by the plaintiff to recover damages alleged to have been sustained by reason of the publication by the defendant of libelous charges, the defendant served an answer, by the first paragraph of which he admitted that the plaintiff was a merchant in the city of New York, and that one defendant was a corporation carrying on business in that city and the other defendants were officers connected with it, and denied every other allegation in the complaint. As a second defense it adopted the admissions which were made, as already stated, and alleged, upon information and belief, that the statements stated to be libelous, and averred in the complaint to have been published, were true, and then repeated the said statement in the words of the complaint without any additional facts.

*Held,* that a demurrer interposed to the second defense was properly sustained, as it contained no statement of facts constituting a defense by justification, or which might properly be pleaded in mitigation of damages.

*Wachter* v. *Quenzer* (29 N. Y., 547) followed.

If a justification is attempted it must be by a statement of facts showing the truth of the libelous matter charged to have been published, and if the pleader designs to mitigate the damages, he is equally bound to state the facts of which such mitigation is predicated.

APPEAL from a judgment, sustaining a demurrer to the second defense in the several answers of the defendants.

The complaint alleged, among other things, that at the times hereinafter mentioned the defendant, The Commercial Agency, was, and still is, a corporation carrying on business in the city of New York, under that name, and the other defendants are officers connected therewith; that the plaintiff is, and for the past fifteen years and upwards has been, a merchant carrying on business in the city of New York as a manufacturer and seller of hats; that, as the plaintiff is informed and believes, prior to and on or about the 12th day of March, 1885, at the city of New York, the defendants, without any reasonable or probable ground for so doing, and with means of ascertaining the truth readily accessible, falsely and maliciously composed, wrote and published, of and concerning the plaintiff, a libel, in the words or of the tenor following, to wit:

" He (meaning the plaintiff) is a figure-head for his father, and has no standing whatever." And for a second cause of action : That the defendants, on the 15th day of March, 1885, without any reasonable, probable ground for so doing, and with means of ascertaining the truth readily accessible, again falsely and maliciously composed, wrote and published, of and concerning the plaintiff, a libel, in the words or of the tenor following, to wit : " He (meaning the plaintiff) is fast, is a politician, and is. doing business on the money that should have gone to his father's creditors. He (meaning the plaintiff) squandered $40,000 of his father's money and married a Brooklyn concert singer " (meaning, by the last phrase, that the plaintiff had married a person of low calling and repute).

The defendant, The Commercial.Agency, by its answer to the plaintiff's complaint and for a first defense thereto, admits that this defendant, The Commercial Agency, was, and still is, a corporation carrying on business in the city of New York under that name, and the other defendants are officers connected therewith, and that the plaintiff is a merchant in the city of New York, as a manufacturer and seller of hats, and has been for the length of time alleged in the complaint, and it denies each and every other allegation contained in the complaint. For a second defense, this defendant adopts the admissions in the next preceding defense, and makes the same a part hereof, and alleges, upon information and belief, that the statements stated to be libelous and averred in the complaint to have been published, of and concerning the plaintiff, were then and there true in this, that on or about the 12th day of March, 1885, at the city of New York, the plaintiff was a figure-head for his father, and had no standing whatever ; also, that on or about the 15th day of March, 1885, at the same place, the plaintiff was fast, was a politician, and was doing business on the money that should have gone to his father's creditors, and that the plaintiff had squandered $40,000 of his father's money, and had married a Brooklyn concert singer, and this defendant denies that the expression, " married a Brooklyn concert singer," had the meaning that the plaintiff had married a person of low calling or repute.

*D. M. Porter*, for the appellants.

*John W. Weed*, for the respondent.

BRADY, P. J.:

In answer to the publication of the alleged libel, the defendants admitted by the first paragraph in the answer, that the plaintiff was a merchant in the city of New York, and the defendants were still a corporation carrying on business in that city, and that the other defendants were officers connected with it, and denied every other allegation in the complaint; and for a second defense, adopting the admissions which were made as already stated, and making the same a part of such second defense, it alleged, upon information and belief, that the statements charged as libelous and averred in the complaint were true.

This defense was demurred to and disposed of by the learned justice in the court below in a very brief opinion, but, nevertheless, showing the insufficiency of the defense. He said: "The fault of the second defense demurred to is that it contains no statement of facts constituting a defense by justification." (Citing, *Wachter* v. *Quenzer* 29 N. Y., 547.) And he further said that it was equally barren of facts which, not constituting a defense, might properly be pleaded in mitigation of damages.

In *Wachter* v. *Quenzer* (*supra*), the statement contained in the answer was analogous to the one in question, namely, that it was true that the plaintiff made himself invisible on account of too much borrowing and not paying, *i. e.*, ran away — which the court said was as general as the libel and apprised the plaintiff of nothing. The court approved the rule stated by Mr. Chitty in his Treatise on Slander, which declares that in this class of actions, if the defendant undertakes justification it must be by stating the particular facts which evince the truth of the imputation, and that the rule holds whether the imputation upon the plaintiff's character be of a general or a specific nature. And it was held that this rule was not abolished by the Code. No report of any case in this State has been found which, under the common law or any provision of the Code, has dispensed with this rule and none is likely to be found, because it is wise and just. There is nothing in section 536 of the Code of Civil Procedure which warrants a departure from it.

The defendant does not derive any advantage from that portion of that section which declares the defendant may prove at the trial facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages if they are set forth in the

answer. For, in the case of *Bradner* v. *Faulkner* (93 N. Y., 517), it is said to be the essence of mitigating circumstances that they do not constitute a total defense to the action, but are those facts from which the party acting upon them might reasonably suppose that the offense, for the punishment of which the prosecution was instituted, had been committed by the defendant therein.

It will have been observed that the right of justification and the right to mitigate or reduce the plaintiff's damages are dependent upon the statement of facts, and as suggested by the learned justice in the court below, there are no facts. It is a mere repetition of the libelous charge contained in the complaint. The rule may be said, therefore, to be founded on the cases cited, and to which others might be added, that if a justification is attempted, it must be by a statement of facts showing the truth of the libelous matter charged to have been published, and if the pleader designs to mitigate the damages, he is equally bound to state the facts of which such mitigation is predicated. For example, it is averred that the plaintiff was a politician. There are no facts given to prove that averment or illustrative of it. The allegation is also made that the plaintiff had squandered $40,000 of his father's money. There are no facts given to show that this is true, and none either that he had married a Brooklyn concert singer. So that the second defense is a bald reiteration of the slanderous charge, without the statement of one single fact in reference to any of the libelous matter contained within it tending to show its truth in any respect, or presenting reasons why there should be a mitigation of damages. A more extended examination of this question might be indulged in, but it is deemed to be unnecessary, for the reason that it seems to be a very plain case and one which was properly disposed of in the brief opinion of the learned justice in the court below, and which presents the fatal infirmity of the answer.

For these reasons we think the judgment should be affirmed, with liberty, however, to the defendants to answer *de novo* upon the payment of costs.

DANIELS, J., concurred.

Judgment affirmed, with leave to defendants to answer on payment of costs.